Dear Senator Jones:
Your request for an opinion of the Attorney General concerning the dual officeholding laws has been assigned to me for consideration and response. In your opinion request you ask whether a Monroe City School Board Member can hold an unclassified position at Grambling State University or whether he will be violating the dual officeholding laws.
The Dual Officeholding Law, LSA-R.S. 42:61 et seq., prohibits certain persons from holding elective or appointive office or employment in this State while holding another position in state or local government. Specifically, LSA-R.S. 42:63D. prohibits holding employment in the government of this state while simultaneously holding elective office in a political subdivision. Thus, according to this statutory provision a person may not hold an elective position on the Monroe City School Board while also holding full-time employment at Grambling State University.
This prohibition, however, is subject to the exemptions from the dual officeholding law found in LSA-R.S. 42:66. The exemption pertinent to the present matter is found in LSA-R.S. 42:66B., which states:
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
Thus, if the individual in question is employed in a professional educational capacity at Grambling State University he or she would be exempt from the prohibition found in LSA-R.S. 42:63
D. According to information which has been supplied to this writer in conjunction with this opinion request, the individual in the unclassified employment in question holds the positions of Coordinator of Student Judicial Affairs and Coordinator of Student Organizations. After reviewing the job descriptions for these positions, it is apparent that the major responsibilities of this employee in the position of Coordinator of Student Judicial Affairs include: counseling of students referred to the Discipline Office; investigations of student discipline referrals; acting as University representative during disciplinary hearings; evaluating and defining disciplinary policies, procedures and systems. In the position of Coordinator of Student Organizations this individual: plans and coordinates student activities; monitors and coordinates all student events; revises and updates the Student Handbook; hosts all summer camps; and attends student organization meetings.
It is the opinion of this writer that the employee described above is employed in a professional educational capacity. The employee counsels students and is directly involved in forming University policy with respect to student discipline. The employee is also responsible for organizing and monitoring student groups. These functions are essential to the educational process at the university level.
It is therefore, the opinion of this office that the unclassified employee at Grambling State University at issue may hold a seat on the Monroe City School Board without violating the dual officeholding law.
I hope that this has adequately addressed your question. If you require any further information, please feel free to call.
Yours very truly,
 RICHARD P. IEYOUB ASSISTANT ATTORNEY GENERAL
 BY: _____________________________ GINA M. PULEIO Assistant Attorney General
RPI/GMP/pb
op. 95-4
The Honorable Charles D. Jones Senator, District 34 141 Desiard Street, Suite 315 Monroe, Louisiana 71202
DATE RECEIVED:
DATE RELEASED:
GINA M. PULEIO ASSISTANT ATTORNEY GENERAL